Jones, J.,
delivered the opinion of the Court.
This was an indictment, found by the Grand Jury of Madison county, against Calloway, 'and sixteen other persons, for an assault and hatleiy on one Jacky B. Stephens, to which the whole of them, (excepting George Robertson, one of the defendants,) appeared in their proper persons, and pleaded not guilty; whereupon, issue was joined. The jury having found all the defendants, (excepting John Bridges and Arthur M’Earland,) guilty, the Court imposed a fine of fifty dollars, each, on the persons convicted, together with costs. During the trial of the cause, a hill of ekeeptions was filed to the opinion of the Court, which hill states, that it was proven that the defendants were collected at the house of David L. Carutberc, and that Strother, one of the defendants, took witness with a cocked pistol, when Calloway, and others, came up and gave Strother aid and protection; that the defendants, after going with the witness some distance from the place where they took him, stopped ; that part of the defendants remained with the witness, while others of them, at a small distance, held a consultation; that defendants agreed to take an equal part in the transaction, in the following manner: — All of the defendants held up *151 their right hands, and defendant, Calloway, íepeated the following words: “ V/e will bear our equal parts, and go our equal bob, so help us God;” — that the defendants were all there present, and signified their assent to what Calloway had stated,, as the result of their consultation. The said Stephens was then taken, tied and whipped by the defendants. Whereupon, the defendants, by their counsel, moved the Court to instruct the jury, that, if shey should be of opinion, that the transaction proved constituted a riot, that they were not liable, on this indictment, for an assault and battery; which motion the Court overruled, and instructed the jury, that, though they should be of opinion that the evidence proved a riot, the party might legally be convicted of an assanlt and battery, under that indictment; to which opinion the defendants excepted. To reverse the judgment, a wiit of error was brought, and the following errors assigned: first, is on the bill of exceptions ; second, the judgment is erroneous, because it does not state to whom the fine is to be paid, or in whose favor, or‘for what cause the fine is imposed; third, because the persons, against whom the judgment is rendered, are not named in the judgment; and. fouith, because the record and proceedings are insufficient, erroneous, and informal, and no judgment ought to have been rendered thereon, against the above defendants. A preliminary question, however, was raised, whether a writ of error, to reverse the judgment rendered on this prosecution, would have been legally brought ? On this head, the Court has no doubt but that a writ of error will lie on all prosecutions for offences not capital; and that, as they will even lie in England, much more so will they in this country, where the rights and liberty of a citizen are more strongly protected than they are in that countiy. It is true, that, for most offences, the consent of the king, by his attorney general, is necessary; but this consent, at the present time, is looked upon as mere matter of form, and never refused.
The ease of the King v. Wilkes, as reported by Burrow, which was for a libel on the King and his government, a much more heinous offence in that government than that of a common assault and battery, fully establishes the position that a writ of error will lie ; and even in that case the Court recommended it to tlie Attorney General, to consent to its being brought. No such consent is, however, necessary in this State, where every citizen has by law a right to have a judgment, rendered against him, revised by the superior tribunal.
The fir.t error assigned is, that the opinion of the Court, as stated in the bill of exceptions, was erroneous. This Court does not think so, and are of opinion that, as the evidence adduced fully established the assault and battery; and indeed, would, if the indictment had been brought for a riot as well as for an assault, have established the latter offence, that the defendants were, notwithstanding, liable to prosecution for the assault and battery only, for which they were properly convicted. With the same propriety might a man indiefed for manslaughter complain tlial, as it appeared in evidence he was guilty of the crime of murder, he ought not to be convicted of manslaughter; and one indicted for petit larceny might, with the same propriety, insist that he ought not to be convicted of that offence, because it appeared from the testimony he was guilty of grand larceny. The other causes assigned for error arc not, in the opinion of this Court, sufficient to reverse the judgment. The fine is imposed on each of the defendants, found guilty by the vordict of the jury, whose names are therein given and designated. The cause for which the fines were imposed on them is set forth in the proceedings. They were adjudged, jointly, to pay the costs of that prosecution, and the statute laws of the then Territory designated *152 to whom the fines were to be paid. Although the judgment might have been entered up in a more formal manner, yet it is not so informal or insufficient as to render it vicious and of no effect.
The judgment is, therefore, affirmed with costs.