THE SCHOONER CONSTITUTION, appellant *v.* NELSON WOODWORTH, appellee.

*Appeal from the Municipal Court of the City of Chicago.*

Appeals for the removal of causes from an inferior to a superior court, for the purpose of obtaining trials *de novo,* are unknown to the common law, and can only be prosecuted where they are expressly given by statute.

In order to enable the owner or consignee of a vessel attached under the "*Act authorizing the seizure of boats and other vessels by attachment,*" to take an appeal from the judgment of a justice of the peace in such case, he should make himself a party defendant to the suit before the justice.

*Sed quere,* Whether an appeal can be taken from the judgment of a justice of the peace, under that act.

JUDGMENT was rendered in this cause by F. A. Howe, a justice of the peace of Cook county, residing within the city of Chi-

cago, against the schooner Constitution, for $49,50 and costs. On the appeal to the Municipal Court, at the April term, 1838, the Hon. Thomas Ford presiding, the appeal was dismissed.

J. GRANT and F. PEYTON, for the appellant, cited R. L. 95, 395.(1)

L. DAVIS and F. FORMAN, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an attachment issued by a justice of the peace, in favour of Woodworth, against the schooner Constitution, for the services of Woodworth on board the schooner. On the trial before the justice of the peace, a judgment was given in favor of the plaintiff, against the schooner, for $49,50. Subsequently to the judgment, Gurdon S. Hubbard and Henry G. Hubbard, for and in behalf of the schooner, filed an appeal bond in the office of the clerk of the Municipal court of the City of Chicago, and the cause was docketed in said Court for trial. On the hearing of the cause in the Municipal Court, that Court, on motion of Woodworth, dismissed the suit from the docket, and gave judgment for costs in favor of the plaintiff below, against the defendant. To reverse this judgment, an appeal has been brought to this Court by Gurdon S. and Henry G. Hubbard, for and in behalf of said schooner, and the only error assigned is, that the Court erred in dismissing the appeal.

The attachment issued by the justice, was in pursuance of " *An Act authorizing the seizure of boats and other vessels by attachment in certain cases,*"(2) passed 13th February, 1833. The proceedings before the justice were regular, and the only question we are called upon to decide, is, whether an appeal lies from the decision of the justice in this case. The act expressly gives a justice of the peace jurisdiction to issue an attachment, but is silent on the subject of appeals, or any other mode of reviewing the decision of the justice. Appeals for the removal of causes from an inferior to a superior court, for the purpose of obtaining trials *de novo*, are unknown to the common law, and can only be prosecuted where they are expressly given by statute. It was contended on the argument, that the right to appeal was found in the 30th section of the " *Act concerning Justices of the Peace and Constables,*"(3) passed 3d February, 1827. But admitting that the authority to take an appeal under this section extends to proceedings and judgments had before justices of the peace under other statutes, on which point we give no opinion, still, in order to entitle a party to take an appeal under that act, the appellant must execute a bond with security to the opposite

(1) Gale's Stat. 409.  (2) R. L. 95; Gale's Stat. 73.
(3) R. L. 395; Gale's Stat. 409.

party. The attachment and judgment is against the schooner, consequently this requisition of the act, cannot, in a case so situated, be complied with. If the Hubbards were either owners or consignees of the vessel, they should have made themselves defendants under the 5th section of the act authorizing the justice to issue the attachment. They would then have been parties to the suit, and in a situation to take an appeal, if an appeal is allowed by law. The appeal being irregularly taken, was correctly dismissed by the Court.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See note to Waldo *et al. v.* Averett, *Ante* 487.