THE STATE, PLAINTIFF IN ERROR v. CUTTER.

1. **An Indictment,** which purports on its face to be found by "the grand jurors of the County of Wayne in the State of Missouri" is bad; the Constitution requires all prosecutions to be conducted in the name of the State.
2. **Writ of Error;** *follows State v. Copeland, ante p.* 497.

*Error to Wayne Circuit Court.*—Hon. R. P. OWEN, Judge.

*J. L. Smith,* Attorney-General, for the State; cited *State v. Waters,* April term, 1877, of this court; *State v. Gilbert,* 13 Vt. 647; *State v. Creight,* 1 Brev. (S. C.) 169; *State v.*

*England*, 19 Mo. 386; *State v. Freeman*, 21 Mo. 481; *Kirk v. the State*, 6 Mo. 469; *State v. Hamilton*, 7 Mo. 301; *Rose v. State*, Minor, (Ala.) 28; 1 Bishop Crim. Prac. 2 Ed. §§ 478, 481, 662.

SHERWOOD, C. J.—Indictment for selling liquor without license. All that portion of the bill (to which a demurrer was sustained) necessary to be copied is as follows:

"STATE OF MISSOURI,⎱ Twenty-fifth Judicial Circuit.
COUNTY OF WAYNE. ⎰

The grand jurors of the county of Wayne, in the State of Missouri, being duly empanneled, sworn and charged to inquire into and true presentment within and for the body of the county of Wayne, do, upon their oath, present," &c. The constitution requires all prosecutions to be conducted in the name of the state of Missouri. If the words " of the county of Wayne" be rejected, as it is contended they may be, as surplusage, the result will be that you will have left merely the words: " The grand jurors * * * * in the State of Missouri," &c.

This is altogether too loose. The authorities cited for the State we regard inapplicable and would affirm the judgment, did we not hold that the State is not entitled to come here by writ of error in this class of cases. We therefore dismiss the writ. (*State v. Copeland*, decided at this term.) All concur. WRIT DISMISSED.