BEDON *v.* DAVIE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DIS- TRICT OF SOUTH CAROLINA.

No. 210.   Argued March 16, 1892. — Decided March 28, 1892.

A judgment for the plaintiffs was rendered in August, 1873, in a United States Court in South Carolina, in an action at law in ejectment, in which a minor was defendant, and appeared and answered by a guardian *ad litem*, and which minor became of age in December, 1885, and brought a writ of error from this court, under § 1008 of the Revised Statutes, within two years after the entry of the judgment, exclusive of the term of the disability of the minor. The case involved the title to land in South Carolina under a will made in 1819, the testator dying in 1820. In June, 1850, a suit in equity was brought in a state court of South Carolina, which set up that the title to the land, under the will, was either in the grandmother of the minor or in her sons, one of whom was the father of the minor, the grandmother and the father of the minor being parties defendant to the suit, and the bill having been taken *pro confesso*

against all the defendants, and dismissed by a decree made in March, 1851, which remained unreversed, an appeal taken therefrom having been abandoned. The only title set up by the plaintiff in error was alleged to be derived through his father and his grandmother. In September, 1854, an action of trespass to try title to the land was brought in a state court of South Carolina, and which resulted in a judgment for the plaintiff therein, but to which the plaintiffs in the ejectment suit were not parties or privies. *Held*, that, as the decree in the equity suit was prior to the judgment in the trespass suit, and as the plaintiffs in the ejectment suit were not parties to the trespass suit, the judgment in the last named suit was of no force or effect in favor of the plaintiff in error, as against the decree in the equity suit.

THE case is stated in the opinion.

*Mr. S. P. Hamilton* and *Mr. Mills Dean* for plaintiff in error.

*Mr. Edward McCrady, Jr.*, for W. R. Davie, defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, in ejectment, brought in the District Court of the United States for the Western District of South Carolina, in June, 1873, by Doctor William Richardson Davie and others against James B. Heyward, the younger, and others, to recover a plantation situated in Chester district, in South Carolina, on the Catawba River, and known as Landsford.

Both the plaintiffs and the defendants respectively claimed the property under the will of General William Richardson Davie, the elder, made in September, 1819. The testator died in November, 1820. His will was duly executed to pass real estate, and was duly admitted to probate in the proper court. The plaintiffs were great-grandchildren of the testator, and were four in number. They were the children, and only heirs at law, of William Richardson Davie, doctor of medicine, who was the eldest male issue of Allen Jones Davie, who was a son of the testator.

The defendants were James B. Heyward, the younger, and

Sarah B., his wife; Mary Wysong and her husband, Dr. R. Wysong; Alice Bedon and Josiah Bedon, minor children of the late Josiah Bedon and Mary, his wife, now the said Mary Wysong; Hyder D. Bedon; William Z. Bedon; Julia Izard and her husband, Allen C. Izard; Jeannie B. Farrow and her husband, T. Stobo Farrow; A. Stobo Bedon; Richard Bedon; and Robin Carr Bedon, a minor.

Sarah B. Heyward, the wife of James B. Heyward, the younger, was called Sarah Bedon before she was married, and was the daughter of Julia A. Davie and her husband, Richard S. Bedon, the said Julia A. being the only daughter of Hyder Alli Davie, who was a son of the testator.

Mary Wysong, the wife of Dr. R. Wysong, was the widow of Josiah Bedon, who was a son of Richard S. Bedon and his wife, the said Julia A. Davie. Alice Bedon and Josiah Bedon were the children of the said Josiah Bedon and Mary, his wife. Hyder D. Bedon, William Z. Bedon, Julia Izard, Jeannie B. Farrow, A. Stobo Bedon, Richard Bedon and Robin Carr Bedon were children of the said Richard S. Bedon and Julia A., his wife. The defendant Josiah Bedon was a minor when this suit was brought, and during the entire time of its pendency, to a final judgment.

The clause of the will of the testator under which the title was claimed by both parties is set forth in the margin.[1]

---

[1] Item I give and devise all the rest and residue of my lands and real estate in the State of South Carolina to my son Frederick William Davie to him and his heirs forever, subject however to the incumbrances mentioned in this will. And it is my will and I do hereby devise that in case of the death of my said son Frederick William, without issue male living at the time of his death, then in that case I give and devise the lands and real estate, so devised as above to the said Frederick William to his brother Hyder Alli Davie to him and to his heirs forever, subject however to the incumbrances in this will mentioned. And in case the said Hyder Alli Davie die without issue male living at the time of his death, then in that case I give and devise the said lands and real estate to the eldest issue male of my son Allen Jones Davie then living when such event shall take place; that is of the sons he may have living at my death, to him and his heirs forever, subject to the incumbrances, directed in this will. And should my said son Frederick William have issue male, and such issue male of my said son Frederick William should, or shall die without issue male living at

Frederick William Davie, named in the will, died in April, 1850, leaving no issue surviving him. He left a last will and testament, duly executed, appointing as his executors Frederick G. Fraser and William Davie DeSaussure.

Hyder Alli Davie, named in the will, died in June, 1848, before the death of Frederick William Davie. He left no male children, but only a daughter, the said Julia A., who, after the death of General William Richardson Davie, married the said Richard S. Bedon.

Allen Jones Davie, named in the will, was the eldest son and the eldest child of the testator, and when the testator died had three sons and a daughter, the eldest of which sons was Dr. William Richardson Davie, father of the four plaintiffs.

Frederick William Davie, under the will, entered into possession of the plantation and held the same during his lifetime. At his death, Dr. William Richardson Davie entered into the possession of it, and held it until he died, in January, 1854, intestate. In January, 1873, the defendant Heyward and his wife entered into possession of the plantation.

In July, 1873, on the petition of the defendant James B. Heyward for the appointment of a guardian *ad litem* for the infant defendants Alice Bedon and Josiah Bedon, as minor children of the late Josiah Bedon and Mary, his wife, then Mary Wysong, the said infants residing in the State of Mary-

---

the time of his death, then in that case it is my will and I do devise the lands and real estate, so devised and described above first to my son Hyder Alli Davie and his heirs, and then to the eldest issue male living at the time, of Allen Jones Davie, under the same limitations, and on the same contingencies, and in the same order and manner, as above directed, and devised, should my son Frederick William die without any issue male living at the time of his death, to them and their heirs forever. And should my son Hyder Alli Davie have issue male living at the time of his death and such issue male shall die without leaving issue male living at his death then in that case I give and devise the said lands and real estate so described and devised above should they so have vested under the above contingencies in such issue male to the eldest issue male then living of my son Allen Jones Davie being of his sons living at my death to him his heirs and assigns forever.

land, an order was made by the Circuit Court appointing said
Heyward their guardian *ad litem* in this cause, and authoriz-
ing and directing him to appear and defend the action on
their behalf. On August 1, 1873, Heyward, as their guardian
*ad litem*, filed an answer for them, stating that, by reason of
their tender years, they were wholly ignorant of the facts and
statements set forth in the complaint, and, therefore, not able
to admit or deny the same, but that they submitted their case
to the discretion of the court and prayed its judgment for
their costs and disbursements.

The defendants Heyward and wife, Dr. and Mrs. Wysong,
Hyder D. Bedon, William Z. Bedon, Julia Izard and her hus-
band, Jeannie B. Farrow and her husband, A. Stobo Bedon,
and Richard Bedon, answered the complaint, in July, 1873,
setting up, as a special defence, that Dr. William Richard-
son Davie, in his lifetime, while in possession of the planta-
tion, executed to Frederick G. Fraser, as executor of Frederick
William Davie, deceased, a lease of the plantation; that after-
wards, Dr. William Richardson Davie and said Fraser both of
them died, and William Davie DeSaussure became the sole
executor of Frederick William Davie; that, as such executor,
the said DeSaussure, being in possession of the plantation
under said lease, was impleaded in the court of common pleas
for Chester district, to answer to Lewis A. Beckham and Wil-
liam F. DeSaussure, survivors of themselves and Frederick
William Davie, trustees under the will of Hyder Alli Davie,
in an action of trespass for breaking and entering the premises
in question; that said defendant pleaded not guilty, and the
cause was tried before a jury at the fall term, 1855, and the
jury found a verdict for the plaintiffs; that the defendant
appealed, and the case was heard upon exceptions, in the Con-
stitutional Court of Errors, the highest court of the State of
South Carolina, at May term, 1856; that the appeal and
motion of the defendant for a new trial were dismissed, and a
judgment was entered in favor of the plaintiffs in that action,
September 29, 1856, reciting a special verdict in the court of
common pleas, which found certain facts set forth therein, and
concluded by stating that if, upon those facts, the court should

be of opinion that the plaintiffs were entitled to the land, then the jury found for the plaintiffs, with $5 damages, but if upon those facts the court should be of opinion that the plaintiffs had no title to the land, then the jury found for the defendants ; and that the judgment of the court thereupon was, that the plaintiffs were entitled to the land in question, and that they recover them against the defendants, with $5 damages and costs. The answer set up that by said judgment of the court of common pleas, and by the adjudication of the questions in litigation therein between the parties, by the Constitutional Court of Errors of the State, the rights of the plaintiffs in the present suit were fully and finally determined and adjudged, and they were barred thereby of all right of recovery against the defendants.

The plaintiffs filed a reply to that answer of Heyward and others, denying that the rights of the plaintiffs were determined and adjudged or in any way affected by the judgment in the case of *Beckham* v. *DeSaussure*, and alleging that the proceedings and judgment were not had between the same parties as the parties to the present cause, and did not involve the same subject matter ; that the plaintiffs herein were not privies in blood or estate to any party or parties in that cause; and that the plaintiffs were not bound by the judgment therein. The reply also denied that the defendant in the case of *Beckham* v. *DeSaussure* was in possession of the premises in question, at the time of the commencement of that suit, or at any other time. It alleged that, before the institution of proceedings in that cause, to wit, on June 28, 1850, a bill in equity was filed by said Fraser, as executor of Frederick William Davie, wherein Dr. William Richardson Davie, (the father of the plaintiffs,) Richard S. Bedon and Julia A. Bedon, his wife, (the father and mother of the defendants Hyder D. Bedon, William Z. Bedon, Julia Izard, Jeannie B. Farrow, Sarah B. Heyward, Richard Bedon and Robin C. Bedon,) Josiah Bedon, (the father of the infant defendants Alice Bedon and Josiah Bedon,) Hyder D. Bedon and William Z. Bedon, defendants in this suit, and the said Beckham and William F. DeSaussure, surviving trustees under the will of Hyder Alli

Davie, (and plaintiffs in the suit mentioned in the answer of Heyward and others,) were impleaded as defendants, the subject matter of which action was the title of Dr. William Richardson Davie (the plaintiffs' father) to the said premises, under the will of General William Richardson Davie; that, the said cause having been heard, a decree of the court was duly entered, at Columbia, for the District of Richland, on March 19, 1851, whereby the title in fee of the said father of the plaintiffs in the land was confirmed and he was declared to be in rightful possession thereof; that that decree stands as the judgment of the court, unreversed and of force; and that the respective defendants in this cause, as parties, or privies to parties, in the cause of *Frederick G. Fraser, Executor* v. *Dr. William Richardson Davie* and the other defendants therein, were bound, concluded and determined by the decree therein, confirming the title of the said father of the plaintiffs in this cause to the premises in question.

The present case was tried before a jury. It found, on August 8, 1873, a special verdict, which is set forth in full in the margin.[1] Upon that special verdict, the District Court

---

[1] Special Verdict.

We find:

First. That the plantation at Landsford, the subject of this suit, was the property of General William Richardson Davie at his death, which occurred on the fifth day of November, 1820, and that General Davie devised the plantation under the residuary clause in his will, dated the 17th September, 1819.

Second. That the family of the testator at the time of his death consisted of the following persons:

1. Allen Jones, (son,) born 16th February, 1785, (who resided out of the State of South Carolina,) married, and who then had issue, three sons and one daughter, the eldest of whom was William Richardson, the father of the plaintiffs in this case, which son, Allen Jones, by a second marriage had issue, five daughters and another son.

2. Hyder Alli, (son,) born 29th October, 1786, (who resided near, but not with the testator,) married, and who then had issue, one daughter, Julia A. then a minor unmarried, but who afterwards married Richard S. Bedon and was mother of the defendants, as hereinafter mentioned.

3. Mary Haynes, (daughter,) born 25th June, 1790, then unmarried, residing with the testator; afterwards the wife of John Crockett, with issue, two sons and two daughters.

entered a judgment, on the 16th of August, 1873.   That judg-
ment recited service of process on the various defendants,

4. Sarah Jones, (daughter,) born 12th March, 1793, then the wife of
William F. DeSaussure, with issue then born, two daughters, and a son
who was born — December, 1819, and was called after the testator, Wil-
liam Davie DeSaussure, and which daughter afterwards had issue, another
daughter and two sons.

5. Martha Rebecca, (daughter,) born 13th October, 1796, then unmarried,
residing with the testator; afterwards the wife of Churchill B. Jones, with
issue, a son and daughter.

6. Frederick William, (son,) born 11th April, 1800, then residing with
the testator, an infant and unmarried.

Third.  That upon the death of General Davie, Frederick William en-
tered into and took possession of the said plantation under the devise in his
father's will, and held the same until his death, which took place on the
29th April, 1850, he having had but one child, a son, who died in infancy
before his father's death, to wit, in 1832.

Fourth. That Hyder Alli died before Frederick William, to wit, 13th June,
1848, having had issue but one child, a daughter, before mentioned, to
wit, Julia A., who after General Davie's death had intermarried with Rich-
ard S. Bedon, by whom she had issue as follows: 1, Josiah Bedon, now
deceased, leaving a widow, Mary, now the wife of Doctor R. Wysong, and
two children, Josiah and Alice Bedon, minors; 2, Hyder Davie Bedon; 3,
William Z. Bedon; 4, Julia, wife of Allen C. Izard; 5, Jeannie B., wife of
T. Stobo Farrow; 6, Sarah B., wife of James B. Heyward, the younger,
(the said James B. Heyward and Sarah B., his wife, being now the true
tenants of the lands in question;) 7, A. Stobo Bedon; 8, Richard Bedon;
and 9, Robin Carr Bedon; the last of whom is still a minor, and all of
whom now living are defendants in this cause, and of whom Josiah,
Hyder D. and William Z. were living at the death of their grandfather,
Hyder Alli, and A. Stobo born after his death and before the death of
Frederick William Davie.

Fifth. That Hyder Alli, by his last will and testament, a copy of which
is made part of this verdict, devised and bequeathed his whole estate, real
and personal, to Frederick William Davie, Lewis A. Beckham and William
F. DeSaussure, in trust for his daughter, Mrs. Bedon, and her children.

Sixth. That Frederick William, during his last illness, sent for Dr. Wil-
liam R. Davie, then a resident of Alabama, to come to him at Landsford to
arrange with him for the continued occupation of the lands by the widow of
Frederick William after his death; that Dr. William R. Davie did accord-
ingly make a journey to South Carolina, but did not reach Landsford until
after his uncle's death; that upon the arrival of the said Dr. William R.
Davie from Alabama, after the death of the said Frederick William, he en-
tered upon and took possession of the said lands and, in compliance with
his uncle's wishes, leased the same to Frederick G. Fraser, the brother of

and among others on the infant defendants, Alice Bedon and
Josiah Bedon, minor children of the late Josiah Bedon and

the widow and the qualified executor of Frederick William, for a term of
ten years, at an annual rent of twenty thousand pounds of ginned cotton;
that Frederick G. Fraser, as executor, having thus, in compliance with the
wish of Frederick William Davie, secured a lease of the place for a number
of years, placed Churchill B. Jones, son of Martha Rebecca Jones and
nephew of the said Frederick William, in charge of the place, and the
widow, with the said Churchill B. Jones, continued to reside upon the said
lands, and, with the said Churchill B. Jones, worked the said plantation in
the interest of the estate of Frederick William until dispossessed under the
proceedings in the case of Beckham and DeSaussure against DeSaussure.

That on the 28th of June, 1850, Frederick G. Fraser, brother of the said
widow and the said executor of Frederick William Davie, filed a bill in
equity in Richland district, praying to be relieved from the said lease on
the ground of mistake, as he had since been advised that the title to the said
lands was not in the said William R. Davie, but either in the heir general of
Hyder Alli or in the grandsons of Hyder Alli, the sons of Mrs. Julia A.
Bedon; that to this suit William R. Davie, Richard S. Bedon and Mrs. Julia
A. Bedon and their sons, Josiah Bedon, Hyder D. Bedon, and William Z.
Bedon, and Lewis A. Beckham and William F. DeSaussure, trustees under
the will of Hyder A. Davie, were made parties and the bill taken *pro confesso*
against all the defendants.

That the cause came on to be heard before Chancellor Johnston, who, on
the 19th March, 1851, by decree dismissed the said bill; that notice of
appeal from this decree was given, but the appeal was not prosecuted and
finally abandoned, and the decree remains unreversed; copies of which
lease, bill and decree are made part of this verdict.

That William R. Davie, then residing in Alabama, remained in possession
of the lands by his tenants under the lease until his death, which took place
on the 4th January, 1854.

Seventh. That some time after the death of Dr. William R. Davie, to
wit, on the 9th September, 1854, an action of trespass to try title was
brought by Lewis A. Beckham and William F. DeSaussure, as survivors of
Frederick William Davie, Lewis A. Beckham and William F. DeSaussure,
trustees under the will of Hyder Alli Davie, against William D. DeSaussure,
in the court of common pleas for Chester district, and upon a special ver-
dict found it was adjudged that the said plaintiffs, Lewis A. Beckham and
William F. DeSaussure had right and were entitled to the said lands, and
that the said plaintiffs should recover against the said defendant, William
F. DeSaussure, the said lands; which judgment was, upon appeal, confirmed
by the court of errors for the State of South Carolina, a copy of the record
in which case is made part of this verdict; that under this judgment the
said Lewis A. Beckham and William F. DeSaussure obtained possession of
the said lands in the year 1856.

Mary, his wife, then Mary Wysong, by publication and mailing through the post-office, and the appearance of said Alice

---

Eighth. That Frederick G. Fraser, executor of Frederick William Davie, departed this life on or about the 1st February, 1852, and that thereupon William D. DeSaussure, who had been named as executor in the will of Frederick William Davie, qualified thereon.

Ninth. That some time after the decision of the court of errors of the State of South Carolina of the case of Beckham and DeSaussure against DeSaussure, and final judgment entered thereon in the court of common plea for Chester district, proceedings were had in the court of equity for Chester district, by and among the children of Mrs. Julia Bedon, for a partition of the Landsford plantation among said children; that under said proceedings the said Landsford plantation was sold by the commissioner in equity for Chester district, and that Churchill B. Jones became the purchaser, paying a portion of the purchase money in cash and giving his bond, with a mortgage of the premises, for the balance; that thereafter Churchill B. Jones conveyed a considerable portion of said Landsford plantation to Cadwalader Rives and W. D. Fudge and remained in possession of the remainder himself; that thereafter the commissioner in equity for Chester district filed his bill in the court of equity for Chester district against said Churchill B. Jones, C. Rives and W. D. Fudge for a foreclosure of the mortgage given to said commissioner in equity to secure the purchase money; that under said proceedings a decree of foreclosure was had, a sale ordered, and the premises sold by said commissioner in equity, and that at said sale T. Stobo Farrow, as the agent of the children of Mrs. Julia Bedon, became the purchaser, and that under said title the defendants now hold, and that the defendant James B. Heyward, the younger, is now in possession under a lease from T. Stobo Farrow, as said agent of said heirs.

Tenth. That the said plaintiffs, William R. Davie, Mary Fraser, wife of Stephen McPherson Woolf, John McKenzie Davie and Allen Jones Davie, are the only surviving heirs at law of the said Dr. William R. Davie, who died intestate, and that the said plaintiffs are citizens of the State of Texas, and are of the ages following, to wit: William R. Davie, born 15th June, 1843; Mary Fraser Woolf, born 5th September, 1845; John McKenzie Davie, born 24th October, 1847; and Allen Jones Davie, born 31st July, 1850.

If upon the facts thus found the court shall be of opinion that the plaintiffs are entitled to the land, then we find for the plaintiffs the land described in the plat made by Charles Boyd, dated 17th May, 1813, as mentioned in the plaintiffs' complaint, and which lands are designated and contained within the lines indicated in the said plat by the numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 2°, 24, 25, 26, 28, 29, 30, 31, and the islands opposite, and five dollars damages; but if upon the facts found the court shall be of opinion that the plaintiffs have no title, then we find for the defendants.

Bedon and Josiah Bedon, by James B. Heyward, their guardian *ad litem*, appointed by order of the court on July 28, 1873, and the service of their answer, and the service of the other answer and of the reply. The judgment also set forth at length the special verdict, and stated that the questions of law reserved for argument had been argued, and that it was adjudged that the plaintiffs recover of the defendants (including Alice Bedon and Josiah Bedon, minor children of Josiah Bedon and Mary, his wife, then Mary Wysong) the possession of the real property mentioned in the complaint, and the sum of five dollars for the withholding thereof, and the costs of the action.

The infant defendant Josiah Bedon, having become of age on December 21, 1885, sued out a writ of error from this court, on December 9, 1887, to review the said judgment. The writ was allowed by Judge Simonton, under § 1008 of the Revised Statutes, having been brought within two years after the judgment was entered, exclusive of the term of the disability of Josiah Bedon as an infant. 33 Fed. Rep. 93.

We are of opinion that the judgment must be affirmed, on the ground that the question raised by the plaintiff in error was adjudicated conclusively, so far as he is concerned, by the decree in the suit in equity of *Fraser* v. *Davie*. To that suit Josiah Bedon, the father of the plaintiff in error, and Mrs. Julia A. Bedon, the grandmother of the plaintiff in error, and her husband, Richard S. Bedon, were made defendants. The only title set up by the plaintiff in error is one alleged to be derived through his father and his grandmother. The decree in the suit of *Fraser* v. *Davie*, is found by the special verdict in this case to have been entered March 19, 1851, and to have been a decree dismissing the bill. The bill was taken *pro confesso* against all the defendants. Notice of an appeal from that decree was given, but the appeal was not prosecuted and was finally abandoned, and the decree remains unreversed.

The reply in this suit states that a decree in the case of *Fraser* v. *Davie* was duly entered on March 19, 1851, whereby the title in fee of Dr. William Richardson Davie, the father of the plaintiffs herein, in the premises in question, was con-

firmed, and he was declared to be in rightful possession of said premises. The special verdict finds that the bill in the suit of *Fraser* v. *Davie* claimed that the title to the land was not in Dr. William Richardson Davie, but was either in the heir general of Hyder Alli Davie, (namely, Mrs. Julia A. Bedon,) or in the grandsons of Hyder Alli Davie, the sons of Mrs. Julia A. Bedon, and that the said bill was taken *pro confesso* against all the defendants, including Dr. William Richardson Davie, Richard S. Bedon and his wife, Julia A. Bedon, and their sons, Josiah Bedon, Hyder D. Bedon, and William Z. Bedon, and Lewis A. Beckham, and William F. DeSaussure, trustees under the will of Hyder Alli Davie.

It is claimed by the plaintiff in error, that the court below erred in not finding that the plaintiffs in this suit were concluded by the case of *Beckham* v. *DeSaussure;* and in not finding that Hyder Alli Davie took an estate in fee in the plantation; and in finding that Josiah Bedon, Hyder D. Bedon and William Z. Bedon were not issue male of Hyder Alli Davie living at his death, through their mother, Julia A. Bedon; and in not finding that Josiah Bedon, senior, the father of the plaintiff in error, died leaving issue male in the person of the plaintiff in error, and that the title to the plantation became vested in the father absolutely, in fee, on the birth of the plaintiff in error; and in finding that, as to the plaintiff in error, the decree in *Fraser* v. *Davie* determined the right of the possession of the plantation, and was *res adjudicata.*

The bill of complaint in *Fraser* v. *Davie* alleged that, by the will of the testator, the plantation, on the death of Frederick William Davie without male issue, passed to the heirs of Hyder Alli Davie, he having left, as male issue, the sons of his daughter, Julia A. Bedon, who were alive at the time of his death. The prayer of that bill was for the rescission of the lease from Dr. William Richardson Davie to Fraser, on the grounds set forth in the bill.

It is objected by the plaintiff in error, that the bill in *Fraser* v. *Davie* was filed in Richland district while the plantation was in Chester district. We perceive no force in that objection.

The case of *Fraser* v. *Davie* is reported in 9 Rich. Law, 568, note, and that of *Beckham* v. *DeSaussure*, in 9 Rich. Law, 531.

The decree of March 19, 1851, in the suit of *Fraser* v. *Davie*, was prior to the judgment of September 29, 1856, in the suit of Beckham and DeSaussure, as trustees against DeSaussure, executor of Frederick William Davie, and as the plaintiffs in the present suit, the heirs at law of Dr. William Richardson Davie, were not parties to the suit of Beckham against De-Saussure, the judgment in that suit was of no force or effect in favor of the plaintiff in error, as against the decree in the suit of *Fraser* v. *Davie*.

The plaintiff in error, therefore, has no case, and the judgment is

*Affirmed.*

MR. JUSTICE GRAY was not present at the argument and took no part in the decision of this case.