STATE OF MISSOURI, Appellant, v. JOSEPH BOOS, Respondent.

St. Louis Court of Appeals, May 12, 1896.

1. **Criminal Law:** CRIMINAL SLANDER: EFFECT OF INNUENDO.  In cases of a criminal slander, the words alleged to have been spoken by the defendant must be capable of conveying the meaning assigned to them by the state; an interpretation which they will not bear is not to be given them by innuendo.

2. ———: ———: ACCUSING FEMALE OF FORNICATION.  Charging a female with keeping a bawdyhouse is not equivalent to, and can not convey a charge of, fornication or whoredom, and therefore can not constitute a violation of the statute making the latter charge, when false and malicious, a misdemeanor.

*Appeal from the Perry Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

No brief filed for appellant.

*Edward Robb* for respondent.

BIGGS, J.—The information in this case was drawn under section 3868 of the statute, which provides that "every person who shall falsely and maliciously charge or accuse any female of incest, fornication, adultery, or whoredom, by falsely speaking of and concerning such

female in the presence or hearing of any other person or persons any false and slanderous words which shall impute to her any such offense * * * shall be deemed guilty of a misdemeanor." The information charges that, at the time of the utterance of the alleged slander, the prosecuting witness, Fridaricka Schindler, was a female of good repute, and was the wife of Ignatz' Schindler and was keeping house for herself and family in a certain house, and that she had living with her in the house Mary Boos, the daughter of the defendant, and that the defendant on a day named, and with the intention to injure and defame the said Fridaricka, "did unlawfully and maliciously charge and accuse her, the said Fridaricka Schindler, of whoredom by then and there in a certain conversation in the German language, then and there held between the said Joseph Boos and Joseph F. Zoellner of and concerning her, the said Fridaricka Schindler, and of and concerning the character of the said Fridaricka Schindler for virtue and chastity, unlawfully, falsely and maliciously, speaking of and concerning the said Fridaricka Schindler in the German language, and to and in the presence and in the hearing of the said Joseph F. Zoellner by whom said language was understood, the following false and slanderous words, imputing to her the said Fridaricka Schindler the offense of whoredom."

Here follow the alleged slanderous words as spoken in the German language, which, omitting the innuendoes, were averred to mean and signify in English "that the house of Fridaricka Schindler is a bad house. * * * I (Joseph Boos) will have my girl away from that place; that house is no place for a young girl; * * * I will not have my girl in a whorehouse."

On motion of the defendant the circuit court quashed the information, and the state has appealed.

It is charged that, in speaking the words, the defendant intended to charge the prosecutrix with whoredom. As an innuendo can not enlarge or change the sense or meaning of the words, the question is whether the language of the defendant is capable of bearing the meaning assigned to it. This is a question of law. Townsend on Slander, section 342. Giving the words of the defendant their usual, and it may be said their only signification, they charged the prosecutrix with keeping a bawdyhouse, or of being a bawd. Can it be said from the words used, that the defendant *intended* to charge the prosecutrix with whoredom? In cases of criminal slander the gist of the action is the intention of the defendant in uttering the words, and the intention charged must be apparent from the words used, and it can make no difference that a different meaning was given to the words by those who heard them. *Dickson v. State*, 30 S. W. Rep. 807. A bawd as defined by the supreme court in the case of *Dyer v. Morris*, 4 Mo. 214, "is one who procures opportunities for persons of opposite sexes to cohabit in an illicit manner." And, in the subsequent discussion of the matter, the court remarked that a woman in exercising the trade of a bawd may be perfectly innocent of the crime of adultery or fornication. We think it clear, therefore, that the words alleged to have been spoken by the defendant do not convey, and are not capable of, the meaning assigned to them in the information. and, hence, they do not show a violation of the statute.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.