State v. Bliler.

THE STATE, *Appellant*, v. BLILER.

Division Two, March 10, 1897.

**Poolselling**: BOOKMAKING: UNCONSTITUTIONAL STATUTE. The act of the General Assembly entitled "An act to prohibit bookmaking and poolselling at any place other than upon the premises of regular race courses," approved March .12, 1895, again held unconstitutional and void, for the reasons given in *State v. Walsh*, 136 Mo. 400.

*Appeal from Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

*J. J. Williams* for respondent.

BURGESS, J.—On the ninth day of June, 1896, there was filed in the office of the clerk of the criminal court of Jackson county, by the prosecuting attorney of said county, an information against the defendant charging him with bookmaking and poolselling.

The information was drawn under an act of the General Assembly of the State of Missouri entitled "An act to prohibit bookmaking and poolselling at any place other than upon the premises of regular race courses, with emergency clause," approved March 12, 1895.

On June 24, 1896, defendant filed his motion to quash the information, upon the following ground:

"That said information does not state facts sufficient to constitute a criminal offense under the laws of the State of Missouri." The motion was sustained, and defendant discharged. The State appealed.

This case is the counterpart of *State v. Walsh*, 136 Mo. 400, in which it was held that the law under which the information in this case was drawn is unconstitutional and void. That case is decisive of this. The judgment is affirmed. All concur.